**NOT FOR PUBLICATION**

**FILED**

FEB 19 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMANUEL ONYENWE, | No. 13-57084 |
| Plaintiff - Appellee, | D.C. No. 5:12-cv-01363-MMM-SP |
| v. | |
| CITY OF CORONA, | MEMORANDUM* |
| Defendant, | |
| And | |
| BLAIR MONTALBANO, Officer No: 002508; DAVID DOPSON, Officer, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted February 3, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Officers David Dopson and Blair Montalbano ("Defendants") appeal the district court's denial of qualified immunity on Emmanuel Onyenwe's claims of false arrest and excessive force in violation of 42 U.S.C. § 1983. We affirm.

We affirm the district court's denial of qualified immunity on Onyenwe's false arrest claim. To determine whether a police officer is entitled to qualified immunity, we ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). We also ask "whether the right was clearly established," meaning that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201–02. On Onyenwe's false arrest claim, he alleges that he was arrested for public intoxication without probable cause after he picked up two friends from a bar. Taking the evidence in the light most favorable to Onyenwe, he had no communication with police or security guards prior to his arrest. He had not been drinking and was not involved in any altercations. On these facts, Defendants could not reasonably have believed that there was probable cause to arrest him for public intoxication. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1443 (9th Cir.

2

1991).  Thus, the district court did not err in determining that Defendants were not entitled to qualified immunity at the summary judgment stage.

The district court also properly found that Defendants were not entitled to qualified immunity on Onyenwe's excessive force claim.  To determine whether a police officer's use of force violates the Fourth Amendment, the court examines "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  Here, Onyenwe was arrested for public intoxication, a minor crime.  Onyenwe presented evidence that Defendants slammed him against a car and kicked him, and that Onyenwe was not resisting arrest when this occurred.  Taking these facts as true for purposes of determining whether Defendants are entitled to qualified immunity, it would have been clear to a reasonable officer that the force applied was unlawful.  *See Winterrowd v. Nelson,* 480 F.3d 1181, 1184–85 (9th Cir. 2007).  Accordingly, the district court did not err in denying Defendants' motion for summary judgment on Onyenwe's excessive force claim.

**AFFIRMED.**